# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA MENTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 6:20-CV-003198-DGK-SSA |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Sandra Menter's applications for disabled widow's benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc and joint disease in the lumbosacral spine, COPD, a heart disorder with atrial fibrillation, and obesity, but she retained the residual functional capacity ("RFC") to perform light work with restrictions, including work as a swatch clerk, packing header, and blade balancer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disabled widow's benefits and supplemental security income on January 19, 2018, alleging a disability onset date of December 19, 2011, which she later amended to January 2, 2018. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on July 23, 2019, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 1, 2020, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four. To understand her arguments, it is necessary to set forth the RFC in detail. The ALJ found that that Plaintiff had:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except must avoid concentrated exposure to pulmonary irritants, vibration, humidity, wetness and extremes of heat and cold: no work at unprotected heights or around dangerous moving machinery: no work on ladders, ropers or scaffolding with occasional ability to climb ramps and stairs, stoop, kneel, crouch, and crawl.

R. at 13. Plaintiff alleges the ALJ erred in formulating this RFC because: (1) he failed to assess it on a function-by-function basis; and (2) he failed to cite substantial evidence showing that Plaintiff could stand and walk sufficiently well to perform light work. These arguments are unavailing.

### I. The RFC is not legally flawed.

Plaintiff contends the ALJ first erred as a matter of law by failing to determine her RFC on a function-by-function basis. Plaintiff contends the ALJ violated SSR 96-8p, because he did not explain in detail exactly how he assessed her ability to stand or walk in concluding she could perform light work.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

This argument is meritless. The Eighth Circuit long ago held that an ALJ complies with SSR 96-8p even if he does not make explicit findings with respect to each functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). And it recently rejected the same argument Plaintiff is making and made clear that the court "reviews the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but does not require an ALJ to mechanically list and reject every possible limitation." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). Not only has the Eighth Circuit roundly rejected this argument multiple times, but this Court has done so on numerous occasions. *See Force v. Kijakazi*, No. 3:20-CV-05062-DGK, 2022 WL 73039, at *3 (W.D. Mo. Jan. 7, 2022); *Vansel v. Saul*, No. 4:19-CV-00777-DGK, 2020 WL 6930109, at *3 (W.D. Mo. Nov. 24, 2020); *Dungan v. Saul*, No. 4:19-CV-00380-DGK, 2020 WL 4015475, at *3 (W.D. Mo. July 16, 2020); *Hale v. Saul*, No. 4:19-CV-0412-DGK, 2020 WL 3249980, at *2 (W.D. Mo. June 16, 2020); *Kopek v. Saul*, No. 4:19-CV-00287-DGK, 2020 WL 2858533, at *4 (W.D. Mo. June 2, 2020); *Spangler v. Berryhill*, No. 6:18-CV-00203-DGK, 2019 WL 551204, at *3 (W.D. Mo. Feb. 12, 2019); *Briegel v. Berryhill*, No. 4:16-CV-00917-DGK, 2017 WL 6039488, at *2 (W.D. Mo. Dec. 6, 2017); *Karleskint v. Colvin*, No. 12-03281-CV-DGK, 2013 WL 2241948, at *5 (W.D. Mo. May 21, 2013).

Simply put, the ALJ did not err in formulating the RFC by failing to list out every single function.

## II. Substantial evidence supports the RFC.

Plaintiff next argues that substantial evidence does not support the ALJ's "implicit conclusion" that she had no limitation in standing or walking. According to Plaintiff, the record shows that her impairments made it difficult for her to walk and stand. For example, Plaintiff cites

record evidence showing that she reported using a cane to walk and that she had problems breathing when walking.

    This argument is also unavailing. As an initial matter, Plaintiff is wrong to suggest that the ALJ found that she had no limitation in her ability to walk or stand. True, the words "walking" or "standing" were not explicitly mentioned in the bolded RFC that proceeded the ALJ's explanation of it. R. at 13. But as noted above, the ALJ need not mention explicitly every single limitation. And more to the point, the RFC said she could perform "light work *as defined in 20 CFR 404.1567(b) and 416.967(b)*." R. at 13 (emphasis added).[2] Light work as defined in those sections does not envision unlimited walking or standing; rather, it suggests a "good deal" of "walking or standing" is associated with this work. 20 CFR 404.1567(b), 416.967(b). An agency policy statement further clarifies that light work can still be performed if someone is limited to walking or standing intermittently for around 6 hours in an 8-hour workday. *See* SSR 83-10, at *5–*6. And the ALJ's later explanation of the RFC suggests he may have found at least some limitation in her ability to stand or walk, because he found the agency consultants reports "persuasive" that included limitations of walking and standing about 6 hours in an 8-hour day. R. at 15, 80, 93. So it can hardly be said that the ALJ did not find *any* limitation in Plaintiff's ability to walk or stand.

    Substantial evidence also supports the ALJ's conclusion that Plaintiff does not have disabling limitations in her ability to stand or walk. Contrary to Plaintiff's characterization of the RFC explanation, the ALJ thoroughly addressed Plaintiff's alleged limitations in walking and standing and found them lacking in support. R. at 13–16. The ALJ noted that some records suggested that Plaintiff reported using a cane to assist in ambulation due to her back pain, but other records did not mention a cane and showed that she did not have debilitating back pain or problems.

---

[2] Plaintiff omitted the "as defined CFR as defined in 20 CFR 404.1567(b) and 416.967(b)" from her quote of the RFC. This omission was materially misleading about what the ALJ found regarding her ability to perform light work.

R. at 16. This conclusion is supported by ample medical evidence showing that Plaintiff did not have any limitations in musculoskeletal strength or range of motion, R. at 254, 316, 333, 335, 339, and that Plaintiff had no signs of back pain or muscle weakness, R. at 304, 314, 333, 339. It is further supported by the fact that while some records suggest that Plaintiff reported using a cane, R. at 82, 208, 332, 350, the vast majority of her medical records make no mention of problems ambulating or her use of a cane. And the RFC finds further support in the records that demonstrate Plaintiff did not show any signs of shortness of breath during numerous exams and that medications had improved her heart condition and other ailments. R. at 304, 344, 346, 348.

Given the thoroughness of the ALJ's opinion and the evidence that supports it, the RFC formulation is well within the "zone of choice." *Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 20, 2022                        /s/ Greg Kays
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT